# EXHIBIT A

FILED
2/22/2021 1:42 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

CAUSE NO. **2021CI03177**   cit pps wjd

| | | |
|---|---|---|
| MARK SALAZAR, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | **45th** JUDICIAL DISTRICT |
| REPUBLIC SERVICES, INC. | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MARK SALAZAR, (hereinafter referred to as "Plaintiff"), complaining of Defendant REPUBLIC SERVICES, INC., (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show unto the Court the following:

### DISCOVERY

1. *Discovery Control Plan.* Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Two governs this lawsuit.

2. *Required Initial Disclosures.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within 30 days of after the filing of the first Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

### PARTIES

3. Plaintiff MARK SALAZAR is a resident of the State of Texas. Plaintiff currently resides in Bexar County, Texas, and has resided there at all times material to this lawsuit.

4. Defendant REPUBLIC SERVICES, INC. is a Delaware corporation whose corporate address is 18500 N Allied Way, Ste 100, Phoenix, Arizona 85054 and is authorized to conduct business in the State of Texas. Defendant REPUBLIC SERVICES, INC. may be served with process by serving its registered agent, C T Corporation System, located at 1999 Bryan St, Ste. 900, Dallas, Texas 75201 and/or wherever any duly authorized agent to accept service of process may be found.

### MISNOMER/MISIDENTIFICATION

5.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

6.  This court has personal jurisdiction, both specific and general, over Defendant because it conducts business in Texas and is amendable to service in the state. Venue is proper in Bexar County because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Bexar County, Texas. *See* TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

7.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred thousand dollars ($250,000.00) but less than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts if the jury awards an amount in excess of one million dollars ($1,000,000.00).

## STATEMENT OF FACTS

8.  At all times relevant to this cause of action Plaintiff was employed by Defendant. Defendant is an employer that was not a "subscriber" of workers' compensation insurance at all times material to this action. At all times relevant to this suit, Defendant had a right of control over the means, methods, and details of the Plaintiff's work and the work of other workers on the jobsite.

9.  On or about November 24, 2019, Plaintiff sustained an on-the-job injury while he was employed by Defendant and performing his duties as roll-off driver. On said date, Plaintiff was instructed by Defendant to pick up a trash compactor receiver box from one of its customers and dump the contents of the receiver box at the Tessman Road Landfill in San Antonio, Texas. Although Plaintiff had picked up the receiver box from this customer several times in the past, on this date, the receiver box was different.

10. Plaintiff retrieved the trash compactor receiver box and attempted to pull the pin that secured the doors in order to open the compactor receiver box doors to unload its contents, however,

the compactor would not open. Plaintiff was unsure how to get the door to open, as he had never encountered this compactor receiver box in the past and received no instructions, guidance, assistance, or training on how to do so. As Plaintiff once again attempted to open the receiver box door, the approximately three-foot steel bar that held the receiver box's door closed suddenly swung open and struck Plaintiff in the head causing his hard hat to break and severely injuring his head. Upon information and belief, it was subsequently discovered that another driver had previously had issues with the same compactor.

11. At all times relevant to this case, Defendant failed to become a subscriber under the Workers' Compensation Act of this State and Plaintiff hereby asserts a statutory nonsubscriber claim against Defendant pursuant to section 406.033 of the Texas Labor Code.

### VICARIOUS LIABILITY

12. Plaintiff would show that Defendant is liable for the damages and injuries that were caused by the negligence of its employees, agents, and representatives. Defendant is liable for the acts or omissions of its subcontractors, employees, and agents of Defendant and any person at the location over whom the Defendant retained control. Defendant had control over the manner, methods, and procedures that its employees, agents, and representatives used in carrying out assigned duties and truck and trash compactor receiver box involved in the incident made the basis of this suit.

13. In addition, Defendant owed a duty of care to Plaintiff because of this right of control, which arose through the course of dealing. Defendant was in control of the injury-producing activity and the safety of the premises, equipment, and the truck and trash compactor receiver box at the time of the incident and owed a duty to exercise its control in a reasonable manner. Defendant is liable under the doctrine of respondeat superior; master/servant; principal/agent for the acts of its employees, independent contractors, and temporary workers.

### NEGLIGENCE OF DEFENDANT

14. Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, its employees, agents, and representatives. Plaintiff would also show that Defendant owed

a duty to Plaintiff because Defendant was Plaintiff's employer. Plaintiff would also show that Defendant breached said duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant, its agents, representatives, and employees were negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

a) Failing to furnish a place of employment which is free from recognizable hazards that are causing or likely to cause death or serious physical harm to employees per the General Duty Clause of OSHA § 5(a)(1);
b) Failing to recognize the hazards in Plaintiff's work area;
c) Failure to take set forth proper safety precautions for employees when working with the compactor receiver box;
d) Negligence of Defendant in failing to warn Plaintiff of possible defects in the compactor receiver box;
e) Negligence of Defendant in failing to warn Plaintiff of possible dangers associated with the compactor receiver box;
f) Negligent hiring of persons without adequate qualifications, training and safety experience at this workplace;
g) Failure to furnish its employees with adequate, necessary and reasonable tools, appliances, warning signs, and equipment;
h) Failure to adequately supervise;
i) Failure to adequately train;
j) Failure to inspect the compactor receiver box prior to sending Plaintiff to work with it;
k) Failure to provide Plaintiff with a safe place to work;
l) Failure to adequately train, educate, or provide instructions and orders to employees;
m) Failure to request information from its customers regarding the condition of the compactor receiver boxes to determine if additional instructions, warnings, training, or assistance is necessary;
n) Failure to furnish proper tools and equipment to assist with opening the compactor receiver box;
o) Failure to have adequate protection for workers in the work area;
p) Failure to establish and enforce safety rules and regulations;
q) Failure to provide adequate means of communication to enable its employee to inquire or obtain guidance from their employer on how to safely perform their job;
r) Failing to provide proper safety manuals and instructions to employees;
s) Failure of their employees to follow safe work practices;
t) Failure to provide adequate and suitable equipment for the job being performed by Plaintiff at the time of his injury;
u) Failing to inspect the workplace equipment;
v) Failure to have adequate equipment and policies in place to prevent injuries like the one that happened to Plaintiff; and
w) Plaintiff reserves the right to supplement other acts of negligence as discovery reveals further acts of negligence.

One or more of the foregoing acts and omissions constituted negligence. Further, one or more of the foregoing acts or omissions were a proximate cause of the damages and injuries to Plaintiff.

## DAMAGES

15. As a direct result and proximate cause of the negligence of Defendants, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs. Plaintiff makes a claim herein for all past and future medical care.

16. As a result of the injury, Plaintiff has been prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage-earning capacity in the future. Plaintiff makes a claim herein for all past and future lost earning capacity.

17. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

18. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer physical pain and suffering in the future. Plaintiff makes a claim herein for all past and future pain and suffering.

19. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff makes a claim herein for all past and future mental anguish.

20. Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future. Plaintiff makes a claim herein for all past and future impairment.

21. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future. Plaintiff makes a claim herein for all past and future impairment.

## EXEMPLARY DAMAGES

22. Plaintiff is entitled to punitive damages because of Defendant's gross negligence. Defendant's acts or omissions, when viewed objectively from the standpoint of Defendant at the time

of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendant for its reckless, heedless and intentional conduct and to set an example for others that such conduct will not be tolerated.

### JURY DEMAND

23.     Plaintiff respectfully requests a trial by jury of the issues in this case. Plaintiff has tendered the appropriate fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

ESPINOZA LAW FIRM, PLLC
10202 Heritage Blvd.
San Antonio, Texas 78216
210.229.1300 t
210.229.1302 f
www.espinozafirm.com

_____
JAVIER ESPINOZA
Texas Bar No. 24036534
e-service@espinozafirm.com
JADE HEEP
Texas Bar No. 24109989
jade@espinozafirm.com

**ATTORNEYS FOR PLAINTIFF**

ON TIME PROCESS
1-800-274-5604
2/2-21  Am
date    time

Case Number: 2021-CI-03177

PRIVATE PROCESS

2021CI03177 S00001

MARK SALAZAR
VS.
REPUBLIC SERVICES INC
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
45th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:  REPUBLIC SERVICES INC

BY SERVING ITS REGISTERED AGENT, C T CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and PETITION, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said ORIGINAL PETITION AND JURY DEMAND was filed on the 22nd day of February, 2021.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 24TH DAY OF FEBRUARY A.D., 2021.

JADE HEEP
ATTORNEY FOR PLAINTIFF
10202 HERITAGE BLVD
SAN ANTONIO, TX 78216-3921



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Alexandra Johnson*, Deputy

| MARK SALAZAR<br>VS<br>REPUBLIC SERVICES INC | Officer's Return | Case Number: 2021-CI-03177<br>Court:  45th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____ o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND JURY DEMAND the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock M. at. _____ or ( ) not executed because

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)



## COUNTY CLERK & DISTRICT CLERK COURT RECORDS SEARCH

# Case #2021CI03177

**Name:** MARK SALAZAR

**Date Filed :** 2/22/2021

**Case Status :** PENDING

**Litigant Type :** PLAINTIFF

**Court :** 045

**Docket Type :** OTHER CIVIL CASES

**Business Name :** 2021CI03177

**Style :** MARK SALAZAR

**Style (2) :** vs REPUBLIC SERVICES INC

# Case History

Currently viewing all records

| Sequence | Date Filed | Description |
|---|---|---|
| S00001 | 2/24/2021 | CITATION<br>REPUBLIC SERVICES INC<br>ISSUED: 2/24/2021 RECEIVED: 2/26/2021<br>EXECUTED: 3/2/2021 RETURNED: 3/4/2021 |
| P00003 | 2/22/2021 | JURY FEE PAID |
| P00002 | 2/22/2021 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 2/22/2021 | PETITION<br>WITH JURY DEMAND |